IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JEROME NISBETT,

    Plaintiff,

v.

BROWN SECURITY & LEO
MANAGEMENT INC., D/B/A
SOUTHERN PROTECTION AGENCY,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jerome Nisbett ("Plaintiff" or "Mr. Nisbett"), by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## ADMINISTRATIVE PROCEDURES

### 2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.   Plaintiff filed his charge of discrimination against Defendant with the EEOC on February 16, 2017; the EEOC issued its Notice of Right to Sue on July 25, 2017.

### 3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

### 4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

### 5.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## PARTIES

6.

Plaintiff is an African-American male citizen of the United States of America, and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant Brown Security & Leo Management Inc., d/b/a Southern Protection Agency ("Defendant" or "Southern Protection"), was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, John Brown, at 912 W. Highway 78, Suite 200, Villa Rica, GA 30180.

9.

Defendant is now and, at all times relevant hereto, has been a for-profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

10.

Plaintiff was hired by Southern Protection as Security Officer on August 18, 2016.

11.

During Plaintiff's employment, he was the only African-American employee. The remaining Security Officers were Hispanic; management and Human Resources were all Caucasian.

12.

Lieutenant Andrew Peralta (Caucasian), became Plaintiff's direct supervisor a few weeks after Plaintiff began working for Defendant.

13.

Not long after he began working with Plaintiff, Lieutenant Peralta began making race-based comments and using racially derogatory terminology around and towards Plaintiff.

14.

On multiple occasions, Lieutenant Peralta called Plaintiff the N-word.

15.

Lieutenant Peralta asked Plaintiff if he smoked weed, and when Plaintiff responded that he did not, Lieutenant Peralta claimed that Plaintiff smelled like weed.

16.

Lieutenant Peralta also made discriminatory comments about Plaintiff's sexual orientation, referring to him as a "faggot."

17.

Lieutenant Peralta told Plaintiff that he had seen "his kind" all over, and that he had been hired to get rid of Jerome.

18.

Plaintiff complained about Lieutenant Peralta's harassing and discriminatory behavior to Human Resources many time.

19.

On October 9, 2016, Lieutenant Peralta sent Plaintiff an email were he chastised him for reporting the discrimination to Human Resources employee Stephanie Skeleton.

20.

In the October 9, 2016, email, Lieutenant Peralta wrote, "It's a wonder how someone so slow and reprehensible has managed to stay present at this company for longer than we thought you would.  Your incompetence is not only an annoyance, but, you are an annoyance with your consistent e-mails to Stephanie.  Why do you have to go and tell her everything?  Is that what nigga do, tattle tale when they can't handle situations on their own?"

21.

On or about November 17, 2016, Lieutenant Peralta called Plaintiff the N-word again and told him that Plaintiff would not have his job for long, because he was going to run Plaintiff out of there.

22.

Plaintiff once again reported Lieutenant Peralta's comment and threat to Human Resources, but Defendant refused to take any action to correct the discrimination and harassment of Plaintiff by Lieutenant Peralta.

23.

Plaintiff was injured at work on December 1, 2016.  When Lieutenant Peralta arrived on site, he told Plaintiff that if he left his post to seek medical attention, it would be considered job abandonment.

24.

Defendant terminated Plaintiff's employment on December 3, 2016.

25.

Defendant claimed that Plaintiff was caught sleeping on the job.

26.

The videos that Defendant used to support their allegations were videos of Plaintiff that were posted on Facebook in October 2016.

27.

Despite Mr. Nisbett's repeated complaints, Defendant made no attempts to rectify the situation, and instead terminated Plaintiff's employment.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

29.

Others outside of the Mr. Nisbett's protected class were treated differently.

**CLAIMS FOR RELIEF**

**COUNT I:  VIOLATION OF 42 U.S.C. § 1981**

30.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

7

31.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

33.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

34.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

35.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

36.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

37.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

40.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

41.

There was a causal connection between the protected conduct and the adverse action.

42.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

43.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT III:  RACE AND GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

45.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

46.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

10

47.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his race and sexual orientation.

48.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

49.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

51.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaluation in violation of Title VII.

11

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

53.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

**WHEREFORE**, Plaintiff judgment as follows:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)      Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)      Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant Brown Security

& Leo Management Inc., d/b/a Southern Protection Agency,

has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendant Brown Security & Leo Management

Inc., d/b/a Southern Protection Agency, from further unlawful

conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted the 18th day of August, 2017.

**BARRETT & FARAHANY**

 /s/ *Adeash A. Lakraj*
Amanda Farahany
Georgia Bar No. 646135
Adeash A. Lakraj
Georgia Bar No. 444848

*Attorneys for Jerome Nisbett*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
ajlakraj@justiceatwork.com